## JOHN D. LINDSAY AND FREDERICK MEHMERT v. ADELIA G. ZANONI ET AL.

**1. DEVISE TO CHILDREN IN TRUST AND TO THEIR ISSUE ABSOLUTELY GIVES FEE TO ISSUE DISCHARGED OF THE TRUST.**

A devise to one in trust to divide the land among children and pay them the rents, but to hold possession and a title in shares, but on the death of a child his share to go to his issue forever, the issue takes a fee discharged of the trust.

**2. IF TRUSTEE DIES, THE COURT MAY PARTITION, WITHOUT A NEW TRUSTEE.**

If land is devised in trust to divide among children and the trustee dies, the court may partition it without appointing a new trustee.

**3. SHAREHOLDER IN FEE MAY HAVE PARTITION, THOUGH OTHER SHARES ARE IN TRUST.**

If plaintiff owns a share in fee he may have partition, though other shares are held in trust. .

**4. LEGAL TITLE NOT NECESSARY WHERE PARTY HAS SOLE BENEFICIAL INTEREST IN SEVERALTY.**

A legal title is not necessary in plaintiff if he has the sole beneficial interest in severalty in a share.

Error to the Court of Common Pleas of Hamilton county. .

SMITH, J.

The error complained of is, that the court of common pleas sustained a demurrer to the petition of the plaintiffs, and dismissed the petition at their costs.

The allegations of the petition were substantially these: That in January, 1866, Peter Gandolfo, Sen., of this county, died, leaving a will which was admitted to probate in February, 1866, and Jane Gandolfo, his wife, was the executrix thereof. That after providing for the payment of his debts and certain legacies, all of which have been paid, the will provided as follows:

"And as to all the residue of my property, real and personal, I give, devise and bequeath the same to my said wife, Jane Gandolfo, and her heirs, upon trust: First, for the payment of my debts, funeral expenses and the charges of administering my estate. Second, to preserve and secure to herself, as my widow, the interest to which by law she would have been entitled, in case I had not executed this will and testament; I thus and hereby declaring distinctly and plainly, that I intend the said Jane to have and enjoy her full estate of dower in all the lands and tenements of which I may be seized, as well as her distributive share of my personal estate, in addition to the provision hereinbefore made for her. And, third, upon trust to the said Jane and her heirs to cause the said estate and property last described, subject to her claim as my widow, and as devisee and legatee under this will and testament, to be divided into five equal shares for the use respectively of my children, Maria Louisa Lindsay, Charlotte Murray, Augustus Gandolfo, Peter Gandolfo and Adelia A. Gandolfo, during their natural lives; she, the said Jane, and her heirs, holding the legal title and right of possession to each and every of said shares, during the respective life-times aforesaid, and paying over to each child respectively, from time to time as they accrue, the rents, income and profits of his or her share; and in case of the death of any one of them leaving issue, then alive, of his or her body, to such issue respectively forever. And in case of the death of any one of my said

children without issue of his or her body then alive, the share of such child shall be divided, subject to the condition above declared, among the survivors equally, or the issue of any other of such children deceased, taking by right of representation to the parent."

That said Augustus Gandolfo died in 1872 without leaving any descendants, and that said Maria Louisa Lindsay died in 1884, leaving the plaintiff, John D. Lindsay, her sole descendant and heir-at-law; that said Adelia A. Gandolfo intermarried with Joseph Zanoni, and they have three children, (naming them), all minors, at the filing of the petition; that said Peter Gandolfo, Jr., died in 1886, leaving one daughter, his only child and heir-at-law, Adelia A. Gandolfo, who in 1888, conveyed all of her interest in the real estate described in the petition, and in the estate of Peter Gandolfo, Sen., to the plaintiff, Fred Mehmert; that Jane Gandolfo, widow of Peter and executrix of his will, died in 1889, without having made any division of the estate as was contemplated by said will, and none has since been made by anyone; that said Peter Gandolfo, Sen., at the time of his death, owned in fee simple the two parcels of real estate particularly described in the petition.

It is then averred that each of the two plaintiffs has a legal right to and is seized in fee of an undivided fourth part of said real estate, and it then proceeds to set out the interests therein of each of the defendants to the action, and they say that desiring to hold their interests therein in severalty, they pray that partition may be made of the same. and that if this cannot be done without manifest injury, that such proceedings may be had as are authorized by law, and for all other and proper relief, and to all that they may be entitled to in law and equity.

To this petition all the surviving children and grandchildren of Peter Gandolfo, Sen., with their husbands and wives, and all persons in being alleged to be interested in said land are made parties defendant.

Was the demurrer to this petition properly sustained, or in other words, did it make a good cause of action for any relief in favor of the plaintiffs, or either of them, against the defendants, or any of them?

If under the provisions of the will of Peter Gandolfo, John D. Lindsay, as the only issue of said Maria Louisa Lindsay living at the time of her death in 1884, is the owner in fee simple of the undivided one-fourth part of these premises, and if Mehmert, as the grantee of Adelia A. Gandolfo, the only issue of Peter Gandolfo, Jr., living at the death of said Peter, is owner in fee of another one-fourth thereof, and they have the legal title thereto, it would seem clear that they are entitled to the relief sought, even if it be true that the interest therein of the surviving children of Peter Gandolfo,, Sen., is by the will in the possession and control of a trustee. The fact that the interest of one tenant in common in an estate is so held and controlled by a trustee, would not affect the right of a tenant in common, who holds his interest therein absolutely, from having the same partitioned. And even if the share of the estate claimed by the plaintiffs had by the will in question been placed in the hands of a trustee for a certain period, as during the life of a third party, and then the beneficial interest was to pass to another, but there was no provision for the transfer to such person of the legal title when the trust ceased, a court of equity on the application of such person for the partition of the land, would cause his interest to be set off to him in severalty. That is, a legal title is not necessary to be shown in such case, when the action for partition is on the equity side of the court, as is now the case, we think, in all partition cases under our Ohio law. The statute does not require the petition to allege that the plaintiff has a legal title to any part of the land of which partition is sought. Section 5756 only requires him to set out "the nature of his title," etc. See Byers v. Wackman, 16 O. S. 441, 443.

Had either of the plaintiffs then, on the allegations of this petition, such a legal or equitable title to any part of this land as entitled them to a partition thereof? Or, as is claimed by the counsel for the defendants, was the legal title to the whole thereof in the heirs of Jane Gandolfo, who, by the will, was entitled to hold the same, and the possession thereof, as trustee so long as any one of the five children of the testator lived, she being obliged only to pay to the beneficial owners their shares of the rents? If this last claim is correct, and the heirs of Jane Gandolfo hold the title on the same trust, we suppose that a court would not partition the land so as to deprive the trustees of the right to the possession

thereof, given them by the will. But it is to be noted in this connection that the petition avers that the widow and trustee died in 1879, eleven years before the filing of this petition, and that in the thirteen years that she stood as trustee, she never made such partition as the will required, and that it never has been done since. Whether the rents have been divided does not appear. There is no allegation as to any trustee having been appointed and qualified after the death of Mrs. Gandolfo, as we suppose under our statute must have been done to entitle him to act, and so far as appears, there has been no division of any rents among those entitled to the same, though it is most probable that this has been done, though in fact we do not see how it could have been done legally, if no trustee was empowered to act in the premises. On this state of fact it would seem that any party in interest would have a legal right to call upon a court of equity to do that which the original trustee was bound to do, viz.: to divide the real estate into the requisite number of parcels; that is, one for each of the children of the testator, that on his or her death it might go to the issue of such child or otherwise, as provided in the will. This of itself would seem to constitute a good cause of action on the part of the plaintiffs, to have that done which the will requires, but which for twenty-four years has not been done.

But aside from this, in view of the provisions of this will, what are the rights of the parties now, or what would they have been if the division into shares had been made, as the will provided? For equity in a case of this kind will treat that as done which ought to have been done; and as Augustus Gandolfo died in 1872 without issue surviving him, it is possible the shares should have been four in number instead of five, as directed by the will. Under the will, are the plaintiffs each entitled to the fee simple title to and the possession of one equal fourth of this land?

This, of course, depends upon the construction to be given to the language of the will above quoted. We have found it exceedingly difficult to arrive at a conclusion as to what was the real intention of the testator on this point. Though the will appears to have been drawn by a lawyer of experience, yet it seems to us that there is a lamentable absence of clearness as to this vital point, and that by mistake or otherwise, words have been omitted which, if inserted, would have made the meaning plain. After much hesitation, a majority of the court has reached the conclusion that the purpose of the testator as expressed, was this:

That subject to her dower estate therein, the widow, as trustee, was to divide this real estate into five (now four) equal shares, the same, or the proceeds thereof, to be for the use of the five children of the testator named by him, during their respective lives. And that such share, so assigned to one of them, on the death of such life tenant was to go to his or her issue of the body then living.

But if such life tenant should die without leaving any issue of his or her body then living, the said share so set off to such life tenant should be divided among the surviving life tenants equally, or the issue of any of such children then deceased, who were to take by representation to the parent. But it was further provided, and this, of course, qualified such devise, that the said Jane, as trustee, and her heirs as trustees in case of her death, were to hold "the legal title, and the right of possession, to each and every of said shares, during the respective lifetimes aforesaid," and to pay "over to each child respectively, from time to time, as they accrue, the rents, income, and profits of his or her share."

This we understand to be a direction, not that the trustee was to hold the title to and the possession of all the tracts and parcels into which the land was to be divided, while any one of said life tenants lived, but that the legal title to and the possession of the tract set off to a particular child was to be in the trustee, so long as such child lived, and that on the death of such child, such share and the whole right and title thereto were to pass as provided by the will.

The correctness of this construction is not beyond controversy, but it commends itself to us as being the most natural and proper. If it had been the intention of the testator to provide that the wife, as trustee, should have the full

possession of all his property so long as any one of said children survived, it would have been very easy for him, or his legal adviser, to have expressed this intention with clearness.   On the contrary, by the use of the phrase, "during their respective lifetimes aforesaid," he seems to deal with them as distinct and separate shares, each of which on the death of the life-tenant is to be disposed of in the way designated in the will.   The phrase mentioned seems to be used in contradistinction from any that would express the idea that the trustee was to have possession of all of the shares while any one of the life-tenants was living. The sentence which immediately follows the provision as to the payment of rent to the life-tenants themselves, is that which makes the doubt in the case.   It is. this, "And in case of the death of any of them" (the children), "leaving issue them alive, of his or her body, to such issue respectively forever."   If this means that the "rents, income and profits" of the share of such child are to be paid to the issue of such child, "respectively forever," it would give color to the idea that the trust as to such share continued.   But we incline strongly to the opinion that it. was the share itself, and not the rents therefrom that was to go to the issue forever. Could it have been the intention of the testator that this trust was to continue, so that the trustee should be in condition to pay the issue the rents forever?   It can not be so, we think, for such a devise would be void under the provisions of our statute as to entailments, and the estate would pass absolutely to the issue of the first donee in tail.   Sec. 4200 Rev. Stat.   And that it is the share itself which on the death of the life tenant is disposed of, we think is shown by the immediately succeeding clause of the will, viz.:   "And in the case of the death of any one of my said children without issue of his or her body then alive, the share of such child shall be divided, subject to the conditions above declared, among the survivors equally, or the issue of any other of such children deceased, taking by right of representation to the parent."

It seems clear that in this last case, it is the share itself which is to be divided, and it is probable, that it was the same in the other instance.   If this be so, it would appear that the plaintiffs are the absolute owners under this clause of a share in the one-fifth given to Augustus Gandolfo, who died leaving no issue surviving him.

We think, then, that the court erred in sustaining the demurrer to the petition and in dismissing the action, and the judgment will be reversed, with costs, and remanded to the court of common pleas to be further proceeded with in accordance with law.

Swing, J., dissents.

Roelker & Jelke, for plaintiffs in error.

Bates & Kaufman and Ben. B. Dale, for defendants in error.